# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

RANDY SIMMONS,

    Petitioner,

v.

GREGORY MCLAUGHLIN, *Warden*,

    Respondent.

Case No. CV413-222

## REPORT AND RECOMMENDATION

Presently before the Court is respondent's motion to dismiss Randy Simmons' 28 U.S.C. § 2254 petition, which challenges a 2005 Liberty County conviction and life sentence for, *inter alia*, murder, armed robbery, and aggravated assault. (Doc. 14 (motion to dismiss); doc. 1 (§ 2254 petition).) The Supreme Court of Georgia has summarized the facts of the case:

> [T]he record shows that, on November 21, 2002, [Randy] Simmons, Marcus Gary, Keenan Stokes, and Samantha Faulk planned to rob Michael Norby as he was making a night deposit at a local bank. After being dropped off by Faulk in woods near the bank, Simmons handed an AK-47 rifle to Stokes, and Simmons and Gary carried guns as well. After Norby pulled into the bank to make his deposit, the assailants surrounded Norby's truck, and Stokes opened fire, killing Norby. Simmons and Stokes then

dragged Norby's body into the woods and took Norby's checkbook and wallet from his truck. Simmons returned to the scene later that evening to remove shell casings from around the truck; however, one AK–47 shell casing was left behind. Both Simmons and Gary confessed to this crime and fully described its circumstances.

These confessions were almost identical, and they were corroborated by videotape from a bank surveillance camera which captured footage of the murder in progress. In addition, Gary led police to the hiding places of personal items of Norby which had been removed from his truck after the murder.

The record further shows that, on December 23, 2002, Faulk, again acting as a get-away driver, drove Simmons, Gary, and Wati Huggins to the Silver Dollar Lounge, which they had planned to rob that evening. They aborted the mission, however, after they discovered that there were too many people on the premises. They returned the following night, and, in the parking lot, Simmons robbed the club's bartender, Maie Galligan, taking her purse after threatening her with the AK–47 that had previously been used to murder Norby. Ty Hawthorne, the club's bouncer, witnessed the robbery, confronted Simmons, grappled with him, and wrested the gun out of Simmons' grip. Simmons and the others fled the scene when Hawthorne started to fire the AK–47 at them. Again, both Simmons and Gary fully admitted that they committed these crimes.

*Simmons v. State*, 282 Ga. 183, 183-84 (2007).

Simmons now moves for § 2254 relief primarily on the contention that his counsel performed deficiently, despite the fact that his attorney had negotiated a post-conviction sentencing agreement with the State

that spared him the death penalty. *Id.* at 186. Respondent contends that Simmons' petition must be dismissed because he has failed to exhaust available state remedies. (Doc. 14.) Specifically, he has yet to obtain a ruling on his late-filed application for a certificate of probable cause to appeal his state habeas petition to the Supreme Court of Georgia. (Doc. 14-1 at 2-5.)

The state habeas court rejected Simmons's petition on June 17, 2013. (Doc. 16-1 at 1.) He thus had 30 days, or until July 17, 2013, to file his application with the Georgia Supreme Court. O.C.G.A. § 9-14-52(b). It appears that he timely filed an application, but it was returned on July 19, 2013 for his failure to pay the filing costs or supply a "pauper's affidavit." (Doc. 17 at 4.) The corrected application was filed on July 31, 2013. (Doc. 16-3 at 1.) There is no question that the corrected application was filed out-of-time, but the Supreme Court has yet to issue a ruling on the timeliness issue. *See* Supreme Court of Georgia Computerized Docketing System, *available at* http://www.gasupreme.us/docket_search/results_one_record.php?caseNumber=S13H1766 (last visited June 11, 2014). Because the state habeas proceeding is still ongoing, and because there is a chance that the state supreme court will

3

forgive the application's timeliness, Simmons has not fully exhausted his state remedies, as required by 28 U.S.C. § 2254(b)(1)(A).[1] *Mancill v. Hall*, 545 F.3d 935, 939-40 (11th Cir. 2008), *quoting and citing Pope v. Rich*, 358 F.3d 852 (11th Cir. 2004). Simmons admits as much. (Doc. 17.) He explains, however, that he simply filed the federal petition for fear that he would lose his opportunity to do so based on timeliness concerns. (*Id.* at 2.) He should have no concern on that score, provided his federal petition is filed promptly after the Georgia Supreme Court issues its decision

Because Simmons has not yet completed state habeas review, his petition is unexhausted. Accordingly, respondent's dismissal motion (doc. 14) should be **GRANTED**, and Simmons's petition should be **DISMISSED** without prejudice for lack of exhaustion. Finally, no certificate of appealability ("COA") should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving

---

[1] Under 28 U.S.C. § 2254(b)(1)(A), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." *See O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) (federal habeas relief is available to state prisoners only after they have exhausted their claims in state court). An applicant for federal habeas relief has not exhausted his state remedies if he has the right under the law of the State to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c).

*sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 17TH day of June, 2014.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA